United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2007**

Charles R. Fulbruge III
Clerk

REVISED June 27, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-11347
Summary Calendar

———————————

MONTY HART,

Plaintiff-Appellant,

v.

LIFE CARE CENTER OF PLANO,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1222

———————————————————————————

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Monty Hart ("Hart") appeals the district court's grant of

summary judgment for the Defendant-Appellee, Life Care Center of Plano ("Life Care"). We

review *de novo* and affirm for the reasons that follow:

1.     The district court correctly granted summary judgment on Hart's race

discrimination claim. In a Title VII discrimination claim, the plaintiff must establish a prima facie

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

case of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S. Ct. 1089, 1093 (1981). In a work-rule violation case, "a Title VII plaintiff may establish a prima facie case by showing either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) (internal quotations omitted). Once established, the burden shifts to the defendant to show that its employment decision was made for a legitimate, nondiscriminatory reason. The plaintiff must then show that the proffered reasons are pretextual. *Burdine*, 450 U.S. at 253, 101 S. Ct. at 1093.

In this case, Life Care fired Hart for falsifying records: Hart told a physician that he fell down and injured his right foot when a food cart rolled over that foot, but a videotape of the incident demonstrated that the cart bumped the heel of Hart's left foot. Hart has offered no evidence to demonstrate that he did not falsify records and violate the work rule. Therefore, Hart has not established a prima facie case of discrimination.

2. Hart has also alleged that his manager discriminated against him by various other means, including issuing Hart a disciplinary warning for reporting late to work; denying Hart a day off; denying a request for overtime; denying Hart a shift change; and assigning Hart more difficult tasks than his Hispanic co-workers. To establish a prima facie case of discrimination with respect to these allegations, Hart must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) that he suffered an adverse employment action; and (4) that other, similarly situated co-workers outside the protected class were treated differently. *Okoye v. Univ of Texas Health Scis. Ctr.* 245 F.3d 507, 512–13 (5th Cir. 2001). The district court did not err in finding that Hart did not suffer from an adverse employment action.

2

3. Finally, the district court properly granted summary judgment on Hart's retaliation claim. To make out a prima facie case of retaliation, Hart must show that he (1) engaged in protected conduct; (2) was subjected to an adverse employment action, and (3) the adverse employment action was causally connected to the protected conduct. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407–08 (5th Cir. 1999). With respect to Hart's firing, Hart has failed to rebut Center Life's proffered legitimate reason for his discharge, namely, that Hart falsified records, and has not shown that his conduct was causally connected to his discharge. Furthermore, Hart has not demonstrated that he was subjected to a materially adverse employment action with regard to his other claims of mistreatment. *See Burlington N. v. Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2415 (2006). Thus Hart's retaliation claim also fails. AFFIRMED.